**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM V. RECANATINI, ET AL.,** : | | |
| | : | **3:11-CV-1873** |
| **Plaintiffs** | : | |
| **v.** | : | |
| | : | **(JUDGE MANNION)** |
| **TAO SUN and HE GAO,** | : | |
| | : | |
| **Defendants.** | : | |

## **MEMORANDUM and ORDER**

Before the court is a sworn affidavit made by plaintiff stating that he served defendant He Gao with a complaint on August 19, 2011 by mail. Plaintiff attached a signed receipt to the affidavit as proof of service, and explains to the court that this receipt indicates that the complaint was properly served on the defendant. (Doc. No. 19, at 5.) The signature on the receipt is illegible, and the court is unable to ascertain whether defendant Gao actually signed for the delivery.

Because plaintiff commenced this action in state court, Pennsylvania law dictates the appropriate process by which a party must be served. The rules provide "[o]riginal process shall be served outside the Commonwealth . . . in the manner provided by treaty . . . ." Pa. R. Civ. P. No. 404. Defendant Gao is a resident of Ontario, Canada, which is a signatory to the Hague Convention. Mitchell v. Theriault, 516 F.Supp.2d 450, at 452 (M.D.Pa. 2007). Therefore, the Hague Convention governs in this case.

The Convention provides for the creation of a Central Authority to handle international service matters, but also explains, "[p]rovided the State of designation does not object, the present Convention shall not interfere with . . . (a) the freedom to send judicial documents, by postal channels, directly to persons abroad."[1] Id. Therefore, the Convention itself allows service via the mail, and the law of the jurisdiction where the case was filed governs the procedural requirements of serving process. Id. at 455 ("even though a contracting state may not object . . . it is still necessary that the law of the state where the action is pending authorize the particular method of service employed").

Looking back to Pennsylvania law, Rule 404 states that a foreign party may be served "by mail in the manner provided by Rule 403." Pa. R. Civ. P. No. 404. Rule 403 provides:

> If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail. Pa. R. Civ. P. No. 403.

Plaintiff presents the court with a delivery receipt, which purports to establish that defendant Gao was served on August 19, 2011, pursuant to Rule 403. (Doc. No. 19, at 2.) Unfortunately for plaintiff, the signature on the receipt is illegible, and plaintiff provides no further evidence that defendant

---

[1]Canada has not objected to this provision. Mitchell v. Theriault, 516 F.Supp.2d 450 (2007).

Gao or any authorized agent signed for or received the package. (See Baez v. Connelly, 478 Fed. Appx. 674, 676 (1st Cir. 2012) (finding proof of service insufficient because signature on receipt was illegible). Therefore, plaintiff has not established that defendant Gao was properly served under Pennsylvania Rule 403.

Based on the foregoing, **IT IS HEREBY ORDERED** that plaintiff has thirty (30) days to provide the court with further evidence that defendant Gao was served, including but not limited to, evidence that the signature in question was made by him. If plaintiff fails to present the court with sufficient evidence within thirty (30) days of this order, the complaint will be **DISMISSED WITH PREJUDICE** against defendant He Gao.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: February 25, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2011MEMORANDA\11-1873-01.wpd